BARBARA KLOWAN *vs.* LAWRENCE HOWARD *et al.*

MAY 16, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a bill in equity to enjoin the Town of Cumberland and other respondents from using a culvert which drained surface waters onto the complainant's land. By agreement of counsel George Jacques was added as a party respondent in place of Sarah Jacques. The respondents filed answers in the nature of cross bills praying for affirmative relief to prevent the complainant's blocking of the culvert. The cause was heard in the superior court on bill, answers and proof whereupon a decree was entered enjoining the respondents from using said culvert so as to drain excessive waters onto the complainant's land and from tampering

with the culvert in any way. It also denied the relief prayed for in the cross bills. The cause is here only on the appeal therefrom by the Town of Cumberland, the other respondents having taken no appeal.

The bill alleges that complainant is the owner of two parcels of land in said town, the first located between the southerly and westerly lines of Brown road and the northeasterly line of Reservoir road, and the second on the southwesterly side of Reservoir road; that the respondents, excepting the Town of Cumberland, are the owners of land on the northerly side of Brown road directly opposite the first parcel of land above referred to; and that at the time the town established Reservoir road it received the title in fee to approximately an acre of land 40 feet in width constituting such road.

The bill further alleges that the Town of Cumberland thereupon constructed a culvert in a portion of the traveled way not included within the lines of the established Reservoir road, which crosses the above-mentioned second parcel of complainant's land; that the culvert was originally constructed to equalize the natural flow of water so that it would not "pound up" on either side of the fields through which such traveled way ran; that for some time prior to April 22, 1953 the individual respondents, Lawrence Howard, George Jacques, Edward Pelletier and Paul Girard, began pumping water from their land across complainant's first parcel, through the aforesaid culvert, and into and upon her second parcel; and that notwithstanding notice from complainant, such respondents have continued to pour a large volume of water upon her land, causing it to be flooded and making it impossible to plow or to use for agricultural and other desirable purposes.

The bill further alleges that on April 13, 1953 complainant caused the aforesaid culvert to be closed and notified the respondent town, through its engineer, of such action; that on April 18, 1953 respondent Girard trespassed upon

complainant's land and opened the culvert; that thereafter complainant again closed such culvert and Girard again reopened it; that on April 21, 1953 the Town of Cumberland through its highway department opened the culvert, inserted an additional pipe therein, and dug a trench at the southerly end thereof extending the culvert farther into the second parcel of complainant's land; and that in consequence of such actions on the part of respondents large pools of water have collected on complainant's property, constituting a hazard and a nuisance.

The bill prayed that respondents be enjoined from pumping water onto the property of complainant; that the respondent town be ordered to remove the pipes leading into and pouring water over complainant's land; and that respondents be enjoined from trespassing on her premises, from tampering in any way with the culvert thereon, and from permitting water collected on their property to flow through pipes in such a manner as to direct it onto complainant's land. The bill also prayed for damages for the violations complained of.

The evidence disclosed that the culvert in question was constructed about twenty-seven years ago by the Town of Cumberland, and although the town records indicate that it was built wholly on land owned by the town, 29 feet of such culvert was actually laid on land owned by complainant and only 5 feet on town land. The evidence further showed that one of the respondents opened the culvert on complainant's land; that after it was closed by her it was again opened by agents of the respondent town; that in the spring of 1953 three of the individual respondents, by means of sump pumps, expelled the excess water from their premises onto Brown road; and that this action caused such water to accumulate on said road and to flow through the culvert causing a concentration of water on complainant's land which in one area was 100 to 150 feet in diameter. The trial justice held that such acts on the

part of respondents constituted trespasses on complainant's land and resulted in consequent damage to her. A decree was entered enjoining respondents from a continuance of such conduct. No damages were awarded to complainant herein.

In its brief and argument before this court, the respondent town attempts to assert the acquisition of an easement or prescriptive right by adverse user to maintain its culvert on complainant's land. However, the cause was not tried on that theory nor was any such claim asserted by the town in its answer in the nature of a cross bill. In our opinion it cannot now rely on such claim for the first time before us.

In *Johnson* v. *White*, 26 R. I. 207, this court held that "no one has a right to collect surface water in any considerable quantity upon his own premises and then turn the same in a concentrated form upon the premises of his neighbor in such a manner as to cause him damage." The court also stated that "a city has no greater power over its streets, in the manner of disposing of surface water which accumulates thereon, than a private individual has in disposing of the surface water which falls or collects upon his own land."

It is well settled in this state that the decision of a trial justice sitting in equity is entitled to great weight and should not be disturbed unless it is clearly wrong. We have carefully examined the pleadings, transcript and exhibits in the instant cause, and from our own independent examination of the whole record we cannot say that the decision of the trial justice was clearly wrong.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William R. Goldberg*, for complainant.

*Frank O. Lind, Jr., Town Solicitor*, for respondent Town of Cumberland.